## Stockdale v. Maginn (No. 2).

*Partnership—Banking partnership—Liquidation—Distribution of assets.*

In the distribution of assets in the hands of a receiver of an insolvent banking partnership, interests in which passed by assignment like stock of a corporation, it appeared that some of the partners had been in the firm from beginning to finish, and that some had sold their stock, from time to time, their vendees being admitted as partners. Other persons were also admitted as partners who had not been members of the partnership with any of the retiring partners. Some of the retiring partners had been compelled to pay judgments recovered against the partnership on claims incurred while they had been partners. The bank was finally dissolved and creditors all paid, leaving a balance for distribution. *Held,* that former partners who had paid claims were not entitled to have such claims paid out of the assets for distribution.

*Appeals—Findings of auditor—Failure to print testimony.*

Where an appellant has not printed the testimony or exhibits produced before an auditor, the appellate court will assume that all the findings of fact by the auditor are correct.

Argued Oct. 27, 1903. Appeal, No. 26, Oct. T., 1903, by George W. Guthrie, Trustee, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1880, No. 150, on bill in equity in case of J. T. Stockdale, Trustee, v. Michael Maginn et al. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for the liquidation of a banking partnership.

From the record it appeared that the partnership was composed of a large number of persons, whose interests passed by assignment like the stock of a corporation. Some of the partners had been continuously members of the firm, others had sold their stock and their vendees had been admitted as partners. After creditors were paid there was a fund for distribution.

Before the auditor, Magnus Pflaum, Esq., George W. Guthrie, trustee, made a claim upon which the auditor found as follows:

1. This claim consists of two classes, (1) A number of former partners of the bank were compelled, by judgments recovered against them, or upon claims upon which no defense could be made, to pay claims against the bank for deposits, while they had been partners or for deposits made by customers who had no notice that these partners had sold their interest in the bank, aggregating $4,281.90; (2) the second class is a claim paid by these same former partners to the city of Pittsburg. The city had brought suit at No. 711, March term, 1878, for a balance of deposit, $41,530.16, with interest, against the entire membership of the bank, including those who had from time to time sold their interest therein. The members filed defenses and the case was referred to R. B. Carnahan as referee under the act of May 14, 1874. Before any action was taken before the referee those same former partners paid to the city the sum of $17,092.63 in settlement of the claim.

The above judgments and claims were assigned to Geo. W. Guthrie as trustee for those who paid them.

2. It was admitted, as established, that judgment and claims paid under the first class mentioned were not debts of the last partnership: Christy v. Sill, 131 Pa. 492.

3. The auditor's reports upon the third and fourth account of B. C. Christy, receiver, confirmed absolutely and not appealed from establish that also the claim of the city of Pittsburg was not against the last partnership.

The auditor disallowed the claim.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Henry A. Davis*, with him *William M. Galbraith*, for appellant.

*Craig Smith* and *B. C. Christy*, with them *George D. Riddle*, *W. A. Challener*, *Thomas P. Trimble*, *Arthur L. Over* and *H. I. Riley*, for appellee.

PER CURIAM, November 9, 1903:

The appellant has not printed the testimony or exhibits produced before the auditor; we therefore assume that all the findings of fact by the auditor are correct. On those findings, his conclusions of law approved by the court below are correct.

All the assignments of error are overruled and the degree of the court below is affirmed.